IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKTON SIOUX TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 05-1291L<br>Judge Lawrence J. Block |

**PARTIES' EIGHTH JOINT MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff Yankton Sioux Tribe and Defendant United States of America respectfully submit this joint motion for an enlargement of time, to and including August 22, 2007, within which to prepare and file a Joint Preliminary Status Report ("JPSR"), pursuant to RCFC, Appendix A, ¶ 4. The JPSR is presently due June 14, 2007.

This joint motion is the parties' eighth such motion. The grounds for the joint motion are as follows:

1. Plaintiff filed this case on December 14, 2005. Doc. #1. Based on an enlargement of time, Defendant timely filed its Answer on March 14, 2006, and filed an Amended Answer on March 30, 2006. Docs. #8, #10. Since that time, the parties have requested and received from the Court enlargements of time within which to confer and file the JPSR. Docs. # 12-17. Under the Court's latest order, the parties are obligated to file a JPSR on June 14, 2007.

2. Prior to the parties' most recent filing, they were actively engaged in settlement discussions. The scope of the discussions included the issues and claims raised in this case, as well as those raised in Plaintiff's companion case for declaratory and injunctive relief in the United States

District Court for the District of Columbia (DDC), Yankton Sioux Tribe v. Kempthorne, No. 1:03cv01603 (JR) (D.D.C.). On May 14, 2007, the parties informed the Court that the settlement discussions had ended and that they were identifying and preparing to address the appropriate next steps. Among other things, counsel for the parties informed the Court that they were preparing to confer about the possibility of first proceeding with the litigation of Plaintiff's companion case, Yankton Sioux Tribe, No. 1:03cv01603, and the most appropriate means of addressing the case management obligations arising under the RCFC in the interim. By order dated May 21, 2007, the Court granted the parties' request for additional time.

3. The parties respectfully submit this joint motion because they require additional within which to file the JPSR or to propose how to proceed with this case while the parties litigate Plaintiff's companion case. Given the Court's May 21 order, counsel for the parties—Stuart Mermelstein, for Plaintiff, and Anthony P. Hoang, Martin J. LaLonde, and Jennifer L. Allaire, for Defendants—conducted a telephone conference on May 24, 2007, in which they exchanged and discussed the parties' respective views and positions relating to the litigation of this case, as well as Plaintiff's companion case, Yankton Sioux Tribe, No. 1:03cv01603. At the end of their discussions, the parties' counsel conferred about a schedule for the preparation of the requisite report, which includes exchanging drafts of the report; reviewing and commenting on the draft report; incorporating the comments and revising the draft report, as appropriate; vetting the report with Plaintiff or the appropriate officials at the Departments of Justice, of the Interior, and of the Treasury; and finalizing the document, so that the parties could file the report. Based on their discussions, the parties' counsel determined that they had newly arising conflicts with the June 14, 2007 filing deadline.

4. Plaintiff's counsel have been and continue to be busy with unrelated litigation.

5. Similarly, Defendants' counsel, Mr. Hoang and Mr. LaLonde, have been and continue to be preoccupied with work in others of the 102 Tribal trust accounting and trust mismanagement cases (including this one) that have been filed and are currently pending before various United States District Courts and the United States Court of Federal Claims, including but not limited to Ak-Chin Indian Community v. Kempthorne, No. 06cv02245-JR (D.D.C.); Ak-Chin Indian Community v. United States, No. 06-cv-00932-ECH (Fed. Cl.); Nez Perce Tribe v. Kempthorne, No. 06cv02239-JR (D.D.C.); Passamaquoddy Tribe of Maine v. Kempthorne, No. 06cv02240-JR (D.D.C.); Passamaquoddy Tribe of Maine v. United States, No. 06cv00942-LJB (Fed. Cl.); Salt River Pima-Maricopa Indian Community v. Kempthorne, No. 06cv02241-JR (D.D.C.); Salt River Pima-Maricopa Indian Community v. United States, No. 06cv00943-LMB (Fed. Cl.); Tohono O'odham Nation v. Kempthorne, No. 06cv02236-JR (D.D.C.); and Tohono O'odham Nation v. United States, No. 06cv00944-EGB (Fed. Cl.). Also, Mr. Hoang has been on work-related travel since May 29, and he will continue to be on such travel until July 2, 2007, for the following cases: Confederated Tribes of the Warm Springs Reservation of Oregon v. United States, No. 02-cv-00126-SGB; Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Kaw Nation v. United States, No. 06-cv-00934-FMA (Fed. Cl.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-JHP-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Oklahoma v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Otoe-Missouria Tribe of Oklahoma v. United States, No. 06-cv-00937-LAS (Fed. Cl.); Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California, v. United States, No. 06-cv-00897-MCW (Fed. Cl.); Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB (Fed. Cl.); Ponca Tribe of Oklahoma v. United States, No. 06-cv-01439-C (W.D. Okla.); Round Valley

Indian Tribes v. United States, No. 06-cv-00900-SGB; Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM (Fed. Cl.); Soboba Band of Luiseno Indians v. United States, No. 06-cv-00894-NBF (Fed. Cl.); Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.); Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF; and Ute Tribe of Uintah and Ouray Reservation v. United States, No. 06-866-MCW (Fed. Cl.). Ms. Allaire is scheduled to be out of the office on work-related travel on June 11-12 and is busy with unrelated litigation. Ms. Allaire and Mr. LaLonde are scheduled to be on work-related travel on June 14-15.

6. Mr. Mermelstein is scheduled to be out of the office on July 16-20, 2007. Also, Mr. LaLonde is scheduled to be out of the office on June 18-22 and June 29-July 9, 2007.

7. Given the foregoing work commitments and scheduling conflicts, the parties require additional time within which to file the JPSR or to propose how to proceed with this case in conjunction with Plaintiff's companion case, Yankton Sioux Tribe, No. 1:03cv01603. The parties have obtained a similar extension of time to provide the United States District Court with a joint status report and proposed scheduling orders in that case. Several of the issues or matters that the parties will have to discuss for the reports in both cases will be common or substantially similar. Therefore, it would be sensible and efficient for the parties to prepare and submit the reports in both cases at the same time.

8. The granting of this joint motion will not unduly prejudice the rights and interests of the parties in this case. In fact, the parties believe that the granting of the joint motion will serve their interests, as well as promote the goals of judicial efficiency and economy. Further, it will help conserve the parties' limited resources by providing the parties a reasonable opportunity to develop

and file the JPSR reflecting a reasonable litigation approach herein, without unduly overtaxing their abilities and resources.

9. WHEREFORE, the parties respectfully request that their joint motion be granted and that the parties have to and including August 22, 2007, within which to file the JPSR pursuant to RCFC Appendix A, ¶ 4, or to propose how to proceed with this case while the parties litigate Plaintiff's companion case, Yankton Sioux Tribe, No. 1:03cv01603.

Respectfully submitted this 11th day of June, 2007,

*/s/ Jeffrey M. Herman by /s/ Jennifer L. Allaire pursuant to written authorization*
JEFFREY M. HERMAN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

Attorney for Plaintiff

OF COUNSEL:

STUART S. MERMELSTEIN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

*/s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

CANDACE N. BECK
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20270