IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKTON SIOUX TRIBE,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 05-1291L<br>Judge Lawrence J. Block |

**JOINT STATUS REPORT AND**
**JOINT MOTION FOR ENTRY AND APPROVAL OF SCHEDULING ORDER**

On December 19, 2007, the parties filed a "joint motion for an enlargement of time. . . within which to file a Joint Preliminary Status Report . . . or make a proposal to the Court about whether and how to proceed with the litigation." Docket (Dkt.) #20. On December 20, 2007, the Court issued a minute order granting the parties' motion. Pursuant to the Court's Order, Plaintiff, the Yankton Sioux Tribe, and Defendant, the United States of America, by their respective counsel, submit this Joint Status Report, which includes a proposed scheduling order for the case.

1. As noted in their previous status reports, Plaintiff has a pending case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Yankton Sioux Tribe v. Kempthorne, No. 1:03cv01603 (JR) (D.D.C.) (Yankton Sioux I).

2. Also as previously noted, on July 2, 2007, the United States District Court for the District of Columbia issued an order in Yankton Sioux I, as well as the other 36 pending Tribal trust accounting and trust mismanagement cases, temporarily staying the litigation, instructing

Defendant to file a motion for remand in the cases or be deemed to have waived the motion, and ordering that those cases in which Defendant filed a remand motion be consolidated for the limited purpose of deciding the remand motion. Defendant filed a remand motion in Yankton Sioux I on August 10, 2007, as well as in the other pending tribal trust accounting and mismanagement cases. On December 19, 2007, the District Court denied Defendants' remand motion, lifted the temporary stay of litigation, and ordered Plaintiff to make a proposal by status report to the Court, by January 18, 2008, regarding next proceedings. Plaintiff proposed that the parties proceed in active litigation and that they comply with the requirements of Rule 26 (Fed. R. Civ. P.) and Local Civil Rule (LCvR) 16.3 by dates certain. The Court approved of and entered Plaintiff's proposal by minute order on March 10, 2008.

3. On April 3, 2008, counsel for the parties met telephonically – pursuant to the requirements of Appendix A to the Rules of the United States Court of Federal Claims ("RCFC") and Rule 16 of the Local Rules of the United States District Court for the District of Columbia – to discuss the parties' respective views and positions relating to the litigation of this case and of Yankton Sioux I.[1/] The early meeting of counsel was attended by:

- Stuart Mermelstein of Herman & Mermelstein, P.A. for Plaintiff; and
- James D. Gette and Anthony P. Hoang of the Department of Justice, and Teresa Dawson of the Department of the Treasury for Defendant.

---

[1/]On August 10, 2007, the United States filed remand motions in Yankton Sioux I and the other Tribal trust cases pending in the District Court. The District Court stayed further proceedings pending the outcome of those motions to remand. The Tribes in 37 of the cases subsequently filed briefs in opposition to Defendant's motion. Plaintiff joined in the principal opposition brief, but did not file its own brief. On December 19, 2007, the District Court denied the United States' Motion for Remand and lifted the temporary stay of litigation.

4. At the meeting of counsel, the parties' counsel discussed their respective views and positions relating to the litigation of Plaintiff's two cases. Among other things, counsel for the United States indicated that it intends to file a motion, pursuant to 28 U.S.C. § 1500, to dismiss the case for lack of jurisdiction. Counsel for Defendant indicated that the motion to dismiss was premised upon the following facts:

a. Plaintiff filed this case on December 14, 2005. Docket (Dkt.) #1. In its complaint, Plaintiff alleges broad claims for breach of fiduciary duty by Defendant in its administration of Plaintiff's trust funds and non-monetary trust assets (e.g., land and natural resources). Id.

b. Prior to filing this case, on July 28, 2003, Plaintiff filed a case in the United States District Court for the District of Columbia against the United States, specifically, the United States Departments of the Interior and of the Treasury. Yankton Sioux Tribe v. Kempthorne, No. 1:03cv01603 (JR) (D.D.C.) ("Yankton Sioux Tribe"). In the District Court case, Plaintiff alleges broad claims that the United States has failed to properly account for and administer Plaintiff's trust funds and seeks declaratory and injunctive relief, an award of attorney's fees and costs, and "such other relief as may be just and equitable." See (Complaint, Yankton Sioux Tribe, No. 1:03cv01603, at 9-10, Dkt. No. 1.)

c. In its Amended Answer filed in this case on March 30, 2006, (Dkt. #10) Defendant asserts that this Court lacks jurisdiction over Plaintiffs' claims. One of the bases for Defendant's jurisdictional defense is 28 U.S.C. § 1500.[2/]

5. Counsel for Plaintiff disagreed that the Court lacks jurisdiction pursuant to 28

[2/]Depending on this Court's disposition of Defendant's motion to dismiss under 28 U.S.C. § 1500, Defendant may assert additional jurisdictional defenses, which Defendant believes must await Plaintiff's detailed specification of its claims and the factual and legal bases for those claims. For example, once Plaintiff's claims have been clearly defined and delineated, Defendant may raise other jurisdictional defenses, if warranted, including, but not limited to, the applicable statute of limitations, the failure to state money-mandating claims, res judicata, and the exclusive jurisdiction of the Indian Claims Commission Act.

U.S.C. § 1500, but agrees that it is an appropriate threshold issue for the Court to address before the parties or the Court expend time and resources on other aspects of the case. Counsel for the parties discussed and agreed upon a proposed schedule for beifing the issue.

6. Thus, the parties jointly propose and respectfully request that the Court reinstate litigation of this case, allow the briefing of Defendant's motion to dismiss pursuant to 28 U.S.C. § 1500, and adopt the parties' proposed briefing scheule, which calls for the following filing deadlines:

| | |
|---|---|
| Defendant's Motion to Dismiss | May 23, 2008 |
| Plaintiff's Opposition | June 24, 2008 |
| Defendant's Reply | July 9, 2008 |

7. The parties further agreed and jointly request that the Court defer all other matters in this case, including those set forth in RCFC Appendix A until after the Court has ruled on Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to 28 U.S.C. § 1500.

WHEREFORE, the parties respectfully request that the Court GRANT the foregoing relief and enter the Proposed Order submitted with this Joint Status Report and Motion.

Respectfully submitted this 21st day of April, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Jeffrey M. Herman*
*by /s/ James D. Gette w/ permission*
JEFFREY M. HERMAN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

Attorney for Plaintiff

OF COUNSEL:

STUART S. MERMELSTEIN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

*/s/ James D. Gette*
JAMES D. GETTE
United States Department of Justice
Environment & Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-1461
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

HOLLY H. CLEMENT
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20270