**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **YANKTON SIOUX TRIBE,** | ) | |
| **Plaintiff,** | ) | **Case No. 05-1291L** |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | **Honorable Lawrence J. Block** |
| **Defendant.** | ) | |

## MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500

Pursuant to RCFC 12(b)(1), Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under 28 U.S.C. §1500. As set forth in detail in the following memorandum, it is well-established that the United States may not be compelled to defend a suit brought in this Court when a similar claim is pending in another court. Plaintiff filed a complaint in the United States District Court for the District of Columbia on July 28, 2003, over two years prior to the filing of the instant suit on December 14, 2005. In promulgating 28 U.S.C. § 1500, Congress expressly divested this Court of jurisdiction to entertain a case based on the same facts and containing the same claims as those in another lawsuit pending in the United States District Court. Because the two complaints here seek overlapping relief, 28 U.S.C. § 1500 requires that the instant case be dismissed.

**TABLE OF CONTENTS**

I. INTRODUCTION........................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND.........................................................................2

III. ARGUMENT.....................................................................................................................2

A. Applicable Legal Standards.......................................................................2

B. This Case Must be Dismissed Pursuant to 28 U.S.C. § 1500.................................3

1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court...............................................................5

2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts.............................................................6

3. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief....................................................8

IV. CONCLUSION.................................................................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ak-Chin Indian Cmty v. United States*, 80 Fed. Cl. 305 (2008) . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7

*British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gaubert v. United States*, 28 Fed. Cl. 597 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9, 11

*Harbuck v. United States*, 58 Fed. Cl. 266, 269 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Holloway v. United States*, 60 Fed. Cl. 254 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

*Johns-Manville Corp. v. United States*, 855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 4, 12

*Keene Corp. v. United States*, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 9, 11

*Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F. Supp. 236 (Ct. Cl. 1957) . . 4

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . . 4, 6, 11, 13

*Loveladies Harbor, Inc. v. United States*, 21 Cl. Ct. 153, 153 (1990) . . . . . . . . . . . . . . . . . . . . . 5

*Maher v. United States*, 314 F.3d 600 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Northrop Corp. v. United States*, 27 Fed. Cl. 795 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pennsylvania Railroad Co. v. United States*, 363 U.S. 202 (1960) . . . . . . . . . . . . . . . . . . . . . . 13

*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 3, 5

*Snyder v. United States*, 63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007) . . . . . . . . . . . . . . . 1, 5-7, 9-11

*Toxgon Corp. V. BNFL, Inc.*, 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*UNR Indus. v. United States*, 962 F.2d 1013, 1018 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 3

*Wilson v. United States*, 32 Fed. Cl. 794 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**FEDERAL STATUTES**

28 U.S.C. § 2201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. §1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *ad passim*

**RULES**

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500**

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1500 the United States cannot be compelled to defend a suit brought in this Court when the same claim is pending in another court. *Gaubert v. United States,* 28 Fed. Cl. 597, 599 (1993). In this case, it is undisputed that Plaintiff filed its complaint in this Court after filing a complaint for relief in the United States District Court for the District of Columbia. Both complaints demand overlapping relief based upon the same operative facts; namely, Plaintiff seeks relief related to the Defendant's management and administration of Plaintiff's trust funds and assets. Indeed, this court has twice previously analyzed the application of 28 U.S.C. § 1500 in the context of tribal trust claims for alleged improper accounting and trust management filed by the same plaintiffs in both the district court and this court. *See Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007); *Ak-Chin Indian Cmty v. United States*, 80 Fed. Cl. 305 (2008). In both cases, the court determined that, despite the use of different labels, the claims were based upon the same operative facts and requested overlapping relief.[1/] In short, Congress has specifically deprived this Court of jurisdiction to entertain a case containing claims that are similar to those in a pending case, and, as such, the Court should dismiss this case pursuant to 28 U.S.C. § 1500.

---

[1/]In *Ak-Chin* the court ultimately found Section 1500 inapplicable, but on grounds of timing, not whether the claims raised by the plaintiff were the same in both complaints. 80 Fed. Cl. at 322.

## II. RELEVANT FACTUAL BACKGROUND

On July 28, 2003, Plaintiff filed a complaint in the United States District Court for the District of Columbia against the Secretary of the Interior and the Secretary of the Treasury.[2/] The District Court Complaint seeks declaratory and injunctive relief, and other relief, "as may be just and equitable," based on Defendants' alleged breaches of fiduciary duty and mismanagement of Plaintiff's trust funds. *See* DDCC, ¶¶ 17, 24, 29 & Prayer for Relief.

Over two years later, on December 14, 2005, Plaintiff filed a similar complaint against the United States in this Court.[3/] The CFC Complaint seeks damages and "other and further relief" also based on Defendant's alleged breaches of fiduciary duty and mismanagement Plaintiff's trust funds and assets. *See* CFCC, ¶¶ 16, 20, 22, 26 & Prayer for Relief. While the complaints may appear, at first blush, to contain some distinctions, in substance the two complaints seek substantially the same relief based upon the same operative facts.

## III. ARGUMENT

### A. Applicable Legal Standards

The determination of whether this Court has subject matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. V. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews de novo whether the Court of Federal claims possessed jurisdiction because jurisdiction is a question of law).

---

[2/]The complaint filed in the United States District Court for the District of Columbia is referred to herein as "District Court Complaint" or "DDCC." A copy is attached as Exhibit 1.

[3/]The complaint filed in the Court of Federal Claims is referred to herein as "CFC Complaint" or "CFCC." A copy is attached as Exhibit 2.

Dismissal is appropriate where, as here, the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to FRCP 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500 and pursuant to RCFC 17(a)); *Holloway v. United States*, 60 Fed. Cl. 254, 261-263 (2004), *aff'd*, 143 Fed. Appx 313 (Fed Cir. 2005) (Federal Circuit affirming this Court's decision granting the government's motion to dismiss under 28 U.S.C. § 1500); *Wilson v. United States*, 32 Fed. Cl. 794 (1995) (granting government's motion to dismiss pursuant to 12(b)(1) or 12(b)(4) for lack of jurisdiction under 28 U.S.C. § 1500). "[T]he plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is property." *Ak-Chin*, 80 Fed. Cl. at 307, citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

**B. This Case Must be Dismissed Pursuant to 28 U.S.C. § 1500**

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . .

28 U.S.C. § 1500. The purpose of the provision is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 divests this Court of jurisdiction if a claim against the United States is already pending in another court. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). There is no question in the instant case that the complaint in the district court was filed years before the complaint in the instant case.

"For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief . . . ." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551-52 (Fed. Cir. 1994) (emphasis omitted). Analyzing whether claims are similar or, instead, distinctively different "'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *Harbuck*, 378 F.3d at 1329 (quoting *Loveladies*, 27 F.3d at 1549). Such a comparison involves evaluating the complaints filed in each court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints).

This court has consistently found that an analysis of the similarity of "claims" for purposes of Section 1500 turns on operative facts, rather than legal theories. *See Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988); *Holloway*, 60 Fed. Cl. at 261-62; *British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F. Supp. 236, 238 (Ct. Cl. 1957). Moreover, the operative facts plead by the plaintiff need not be identical; it is sufficient that they are substantially the same. *See Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993) ("Congress did not intend the statute to be rendered useless by a narrow concept of identi[cal claims] providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation.").

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. Rather, the two complaints must seek relief that is not "distinctively different." *Loveladies Harbor, Inc. v. United States*, 21 Cl. Ct. 153, 153 (1990). As the Court stated in *The Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645

(2007), "the inquiry is whether there is meaningful overlap both in the underlying facts and in the relief sought in the two actions. A perfect symmetry of demands for relief is not necessary." *Id*. at 656.

The Court should dismiss this case because the three essential elements for Section 1500 dismissal are met. First, when this case was filed on December 14, 2005, Plaintiff's case in the District Court, which was filed on July 28, 2003, had already been pending for over two years. *See* Exhibits 1 & 2. Second, the claims against Defendant in this case and the Defendants in the District Court case arise out of the same operative facts. Third, in both cases, Plaintiff seeks overlapping relief.

**1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court**

The record demonstrates that Plaintiff filed its Complaint with the District Court on July 28, 2003, and then filed its Complaint with this Court on December 14, 2005. *See* Exhibits 1 & 2. Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden would include, in the context of 28 U.S.C. § 1500, establishing that the District court case was not pending at the time Plaintiff filed its Complaint in this court. In this case, Plaintiff must concede that its District Court Complaint was pending at the time it filed its Complaint in this court. *See, e.g. Holloway*, 60 Fed. Cl. at 261-62.

**2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts**

A comparison of the complaints filed in the District Court and in this court confirms that they are based on substantially the same facts. *See Loveladies*, 27 F.3d at 1551-52; *see also Keene Corp.*, 508 U.S. at 212-14; *Tohono O'odham*, 79 Fed. Cl. at 657. Both complaints use essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff by allegedly failing to properly account for and to properly manage Tribal trust funds and assets. *Compare* DDCC ¶¶ 11-14, 22, 24, 29 *with* CFCC ¶¶ 8-11, 23, 20, 26. Indeed, a comparison of the complaint in this case and the complaint filed in the district court reveal that more than half of the paragraphs in the instant complaint are identical or nearly identical to paragraphs in the district court complaint.[4/] Consequently, the facts underlying these allegations are substantially the same in both cases.

As this court previously recognized in *Ak-Chin*, a request to review the same operative facts, related to the same parties, the same obligations, and the same alleged breaches of duty would be in violation of Section 1500:

> The court will be required to review the government's alleged failure to maintain records and account for plaintiff's trust property by considering any existing records related to the government's collection, handling, and investment of the Community's trust funds and property. The nature of Indian trust cases and the government's trust responsibility owed to Indian tribes does not lend itself to a simple delineation or separation of operative facts as they pertain to the government's various duties owed to Indian tribes. It is not apparent to the court how it could address facts

[4/] *Compare, e.g.*, DDCC ¶ 2 *to* CFCC ¶ 1; DDCC ¶ 7 *to* CFCC ¶ 4; DDCC ¶ 8 *to* CFCC ¶ 5; DDCC ¶ 9 *to* CFCC ¶ 6; DDCC ¶ 10 *to* CFCC ¶ 7; DDCC ¶ 11 *to* CFCC ¶ 8; DDCC ¶ 12 *to* CFCC ¶ 9; DDCC ¶ 13 *to* CFCC ¶ 10; DDCC ¶ 14 *to* CFCC ¶ 11; DDCC ¶ 18 *to* CFCC ¶ 12; DDCC ¶ 19 *to* CFCC ¶ 13; DDCC ¶ 22 *to* CFCC ¶ 23; and DDCC ¶ 24 *to* CFCC ¶ 19.

> related to the government's duty to invest and deposit plaintiff's trust funds without considering the facts related to the government's overall trust obligations owed to plaintiff, including its duty to account. It is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint.

80 Fed. Cl. At 319-20. *See also*, *Tohono O'odham*, 79 Fed. Cl. at 652, 656 (concluding that the complaints were based on the same operative facts where, as here, "[t]he two complaints clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time." Similarly, the facts and allegations underlying Plaintiff's claims in this case are substantially the same as those pled in the District Court.

Both complaints relate to the same trust assets, and Plaintiff is requesting that both courts review Defendant's management of the same trust assets. *Compare* DDCC ¶¶ 7, 10, 17, 24 & 29 *with* CFCC ¶¶ 4, 7, 16, 20, 22 & 26. Plaintiff is alleging that the government has mismanaged the very same resources:

- "land and natural resources, including valuable oil, gas, water, and other mineral reserves" (*Compare* DDCC ¶ 7 *with* CFCC ¶ 4); as well as

- "funds generated by oil and gas bid deposits, bonuses, rents, [easements], lease and royalty payments, grazing and agricultural leases, and judgments paid to the [T]ribe." (*Compare* DDCC ¶¶ 10 *with* CFCC ¶¶ 7).

Both complaints also alleged that Defendant and Plaintiff have the same fiduciary relationship and that Defendant owes to Plaintiff the same trust obligations. Plaintiff alleged in both complaints that Defendant's trust obligations include:

(1) proper "administration and management of all trust property of the Tribe" (*Compare* DDCC ¶ 11 & 14 *with* CFCC ¶ 8 & 11);

(2) "the duty to ensure that tribal trust property and trust funds are [properly] protected, preserved and managed. . ." (*Compare* DDCC ¶ 12 *with* CFCC ¶ 9);

(3) the responsibility to "maintain adequate records" and "maintain adequate systems and controls" (*Compare* DDCC ¶ 13 & 17 *with* CFCC ¶ 10); and

(4) the obligation to "provide regular and accurate accountings to the trust beneficiaries" (*Compare* DDCC ¶ 13 *with* CFCC ¶ 10).

Both complaints also allege the same breaches of the trust obligations. Among other obligations, Plaintiff alleges that Defendant has breached its duty to manage trust assets by:

(1) failing to provide a full, complete and accurate accounting of Plaintiff's trust assets (*Compare* DDCC ¶ 15, 18, 20-22 & 25 *with* CFCC ¶ 10, 12, 14-15 & 23); and by

(2) mismanaging the tribe's trust funds and trust assets (*Compare* DDCC ¶ 17, 24 & 29 *with* CFCC ¶ 16, 20, 22 & 26).

The unanimity of the facts alleged in the two complaints demonstrates overwhelmingly that the claims in these two cases are the same and must, therefore, be dismissed pursuant to Section 1500.

### 3. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief

Both the complaints in the District Court and in this court seek an initial judicial determination as to the nature and scope of Defendant's fiduciary duties pertaining to the management and administration of Plaintiff's trust assets. *Compare* DDCC ¶¶ 11-14 *with* CFCC ¶¶ 8-11. Both complaints also effectively seek the same equitable relief against Defendant in the

form of an accounting arising from the same breaches that Plaintiff presses upon both courts. *Compare* DDCC ¶¶ 23-29 *with* CFCC ¶¶ 23-25. Under such circumstances, Section 1500 automatically divests this Court of jurisdiction where a plaintiff has overlapping claims of this nature in more than one forum. *See Harbuck*, 378 F.3d at 1329.

For Section 1500 purposes, "the legal theory behind the allegations or the characterizations of the requests for relief are not controlling." *Tohono O'odham*, 79 Fed. Cl. at 656. Instead, the Court must inquire, "will the same background facts be relevant, and will the relief, in substance, be the same?" *Id*. Furthermore, "[i]t is enough that there is some overlap in the relief requested." *Harbuck v. United States*, 58 Fed. Cl. 266, 269 (2003) (citing *Keene*, 508 U.S. at 201). Here, there is no doubt that the same facts are relevant, namely Defendant's management of Plaintiff's trust corpus, and the relief that Plaintiff seeks overlaps: an accounting and the return of any losses caused as a result of Defendant's alleged mismanagement of that same trust corpus.

Plaintiff is likely to assert that the relief that it seeks is different, because, in its District Court Complaint, it states that it seeks only equitable relief and, in its CFC Complaint, it states that it seeks only monetary damages. Its complaints, however, are not so clearly separated. As courts examining the issue in the context of Tribal trusts have found:

> Unlike regulatory disputes, suits brought by Indian tribes, claiming a breach of trust, do not neatly separate between the exclusively injunctive relief typical in a district court APA review of agency action on the one hand, and, on the other hand, a suit here for money damages flowing from the consequences of that agency action. In substance, the action for breach of trust in this court is an equitable proceeding that produces a monetary remedy. Thus while the court has jurisdiction because of the demand for money, the process for getting to that relief is fundamentally equitable,

> meaning that there is potential overlap of both the accounting and money aspects of the two complaints.

*Tohono O'odham*, 79 Fed. Cl. at 657.

In these cases, the relief in substance will be the same. The complaints in the District Court and CFC contain overlapping claims for equitable relief related to the alleged breach of fiduciary duties owed to Plaintiff by Defendant. In the District Court, Plaintiff seeks "an injunction requiring Defendant to provide a full and complete accounting of the Tribe's trust funds" in an effort to determine its potential damages (DDCC, Prayer for Relief ¶ 2), and, in this Court, Plaintiff seeks damages and such "further relief as this Court deems . . . proper" (CFCC, Prayer for Relief); such proof coming in the form of an accounting in aid of judgment, "so that Plaintiff can discern the nature and extent of losses suffered which would give rise to a cause of action. . . ." CFCC ¶ 23.

In short, in both complaints Plaintiff seeks an accounting to determine its monetary damages. Just because Plaintiff chose not to label its request in this Court as "damages determined after an accounting" does not mean that Plaintiff is not seeking the same relief. *See Tohono O'odham*, 79 Fed. Cl. at 659 (holding that plaintiff's complaints in the Court of Federal Claims and the District Court had an overlap of relief in the request for an accounting). Rather, the process for getting to the relief sought by Plaintiff in this Court (*i.e.*, an accounting) will be the same as the relief sought in the District Court (*i.e.*, an accounting). No matter the label provided by Plaintiff, the effect is the same: each court would be requiring the provision of an accounting in some form to Plaintiff.[5/] So long as the complaints contain some overlap in the

[5/]It is of no import that the CFC cannot order equitable relief, since the equitable relief sought in the District Court is a necessary pre-requisite to the imposition of money damages. "Claims are

relief requested, 28 U.S.C. § 1500 divests jurisdiction from this Court. *See Harbuck*, 378 F.3d at 1329 (citing *Keene Corp.*, 508 U.S. at 212).

Furthermore, "some overlap in the relief requested" also exists in the declaratory relief sought by Plaintiff in both cases. *Keene*, 508 U.S. at 212. The District Court Complaint expressly seeks a declaration that "the Defendants have not provided the Tribe with a full and complete accounting of the Tribe's trust funds" DDCC, Prayer for Relief ¶ 1. By implication, the Complaint in this case also seeks such a declaration. *See* CFCC ¶¶ 10 & 23-25.

Moreover, Plaintiff cannot argue that its Complaint in this case is limited to a request for monetary relief. The plain language of the Complaint in this case belies any notion that it is limited by its own terms exclusively to a request for damages. In fact, Plaintiff affirmatively requests "further relief as this Court deems just and proper." CFCC, Prayer for Relief. Given the assertions that Plaintiff has made throughout its Complaint before this Court, a finding of inadequate accounting and a reconstructed accounting of some sort are necessary prerequisites – *i.e.*, "further relief as this Court deems . . . proper" – to any award of damages. It is not necessary to assess here whether this Court is empowered to grant such relief under the Tucker Act or Indian Tucker Act; rather, it is necessary only to confirm that Plaintiff, when it filed its Complaint, sought such relief. *Tohono O'odham*, 79 Fed. Cl. at 654-55.

Here, Plaintiff's requests for declarations of breach of trust in both of its cases certainly overlap. The essence of declaratory relief is a declaration of "the rights and other legal relations of any interested party." *See, e.g.*, 28 U.S.C. § 2201(a) (Declaratory Judgment Act). The

---

the same where they arise from the same operative facts even if the operative facts support legal theories which cannot all be brought in one court." *Loveladies*, 27 F.3d at 1550 (quoting *Johns-Manville Corp.*, 855 F.2d at 1564).

essential overlap here pertains to the declaration sought as to Plaintiff's rights as a trust beneficiary, and Defendant's duties (and alleged breach of trust) as trustee. In the District Court, Plaintiff seeks, *inter alia*, a declaration that Defendant has not provided an accurate, complete, and timely accounting of Plaintiff's trust funds as required by law. In other words, Plaintiff seeks a declaration of Defendant's liability for breach of its alleged accounting duty. In this case, the Court will need to reach the same legal issues in adjudicating the merits of the case. The CFC Complaint similarly alleges that the government breached its fiduciary duty by failing to properly account for trust funds; that, as a result, Plaintiff has "not been permitted to discern the nature and extent of any losses suffered;" and that such failure has caused monetary loss. *See, e.g.,* CFC ¶¶ 23-27. Thus, it is plain that Plaintiff intends to rely upon the declaration of Defendant's alleged accounting duties and related breaches in the District Court case as the overlapping predicate finding of liability for damages in this Court. *See, e.g.,* CFCC ¶ 10. Because Plaintiff seeks the same declaration of breach of trust, especially as regards an accounting, the relief sought in both cases sufficiently overlaps that the Complaint in this case must be dismissed under 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss this case in full pursuant to 28 U.S.C. § 1500.[6]

Respectfully submitted this 23rd day of May, 2008.

RONALD J. TENPAS
Assistant Attorney General

*/s/ James D. Gette*

JAMES D. GETTE
United States Department of Justice
Environment & Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-1461
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:
HOLLY H. CLEMENT
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20270

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

[6] Assuming arguendo that the two complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under Section 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for staying the CFC case at a minimum. *See Loveladies*, 27 F.3d at 1554; *Pennsylvania Railroad Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 n.5 (1993).