IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKTON SIOUX TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1291L |
| | ) | Judge Lawrence J. Block |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION TO DISMISS PURSUANT TO 28 U.S.C. §1500**

HERMAN & MERMELSTEIN P.A.
*Attorneys for Yankton Sioux Tribe*
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33160
www.hermanlaw.com
Tel: 305-931-2200
Fax: 305-931-0877

# TABLE OF CONTENTS


I. Introduction ........ 1

II. Argument ........ 2

A. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §1500 BECAUSE THE CLAIMS AT ISSUE SEEK RELIEF THAT IS "DISTINCTLY DIFFERENT" AND NOT "THE SAME" ........ 2

B. THE COMPLAINT FILED BY PLAINTIFF IN DISTRICT COURT DOES NOT ALLEGE THE SAME OPERATIVE FACTS ........ 11

III. Conclusion ........ 15

# TABLE OF AUTHORITIES

## Cases

Ak-Chin v. United States, 80 Fed. Cl. 305 (2008) ................ 5, 10

Branch v. United States, 29 Fed. Cl. 606 (1993) ................ 13

Casman v. United States, 135 Ct. Cl. 647 (1956) ................ 6, 7, 9, 10

Cobell v. Bobbitt, 30 F. Supp. 2d 24 (D.D.C. 1998) ................ 4

Cobell v. Bobbitt, 52 F.Supp. 2d 11 (D.D.C.. 1999) ................ 4

Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001) ................ 4

Cooke v. United States, 77 Fed.Cl. 173 (2007) ................ 11

Harbuck v. United States, 378 F.3d 1324 (Fed. Cir. 2004) ................ 7

Heritage Minerals, Inc. v. United States, 71 Fed. Cl. 710 (2006) ................ 13

Holloway v. United States, 60 Fed. Cl. 254, 256 (2004) ................ 3

Johns - Manville Corp v. United States,
855 F.2d 1556 (Fed. Cir 1988), cert. denied, 489 U.S. 1066 (1989) ................ 6, 7, 13

Keene Corp v. United States, 508 U.S. 200, 113 S. Ct. 2035 (1993) ................ 5, 8

Klamath and Modoc Tribes v. Anderson, 174 Ct. Cl. 483 (1966) ................ 7

Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc) ................ passim

Matson Navigation Co. v. United States, 284 U.S. 352 (1932)) ................ 6

Tohono O'Odham Nation v. United States, 79 Fed. Cl. 645 (2007) ................ 9, 10

Williams v. United States, 71 Fed. Cl. 194 (2006) ................ 13

## Statutes

28 U.S.C. §1500 ................ passim
29 U.S.C. §162a ................ 4
5 U.S.C. §702 ................ 4

## I. Introduction

Defendant seeks dismissal on the sole ground that Plaintiff has pending a suit against the United States in the District Court for the District of Columbia, which was commenced prior to the filing of the Complaint in the instant case. For a dismissal on this ground, under 28 U.S.C. §1500 the Court must make two separate and distinct findings: (1) a prior-filed claim in another court arises from the same operative facts; and (2) the claims pending in the two courts must seek the same relief. These two elements are not present here. The most glaring deficiency in the Defendant's Motion lies in the fact that the two cases seek entirely different relief. The Yankton Sioux Tribe in this case seeks only money damages. Its case filed in the District Court for the District of Columbia seeks only equitable, non-monetary relief. The dissimilarities in the relief sought in the two cases is driven by the dichotomous jurisdiction of the two Courts. These stark differences are demonstrated by the juxtaposition of the prayers for relief in the Complaints filed these cases, as set forth below. However one may couch the test for examining the relief sought in the two cases, the pertinent distinctions in relief sought compel the conclusion that 28 U.S.C. §1500 does not bar the instant claim.

Additionally, the operative facts alleged in the Complaints in the two cases are not the same. Operative facts must be distinguished from mere background facts. Here, the governmental conduct challenged in the two cases is distinguishable, and there are material differences in the operative facts alleged in the cases. In particular, facts that are relevant to the judicially imposed remedy of money damages are found only in the case filed in this Court.

Defendant seeks to wreak havoc with the plain meaning and intent of the statutory jurisdictional scheme applicable in the two cases by distorting and stretching the bounds of 28

U.S.C. §1500. In so doing, Defendants attempt to whipsaw the Plaintiff into a jurisdictional no-man's land where it is left without a remedy.[1] As discussed below, the proper reading and application of 28 U.S.C. §1500 in this instance compels a determination that this Court has jurisdiction, and that Defendant's Motion to Dismiss must be denied.

## II. Argument

### A. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §1500 BECAUSE THE CLAIMS AT ISSUE SEEK RELIEF THAT IS "DISTINCTLY DIFFERENT" AND NOT "THE SAME"

An analysis of the jurisdictional bar of 28 U.S.C. §1500 should begin and end with the Federal Circuit's decision in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). Under §1500, the Court of Federal Claims is without jurisdiction of "any claim for and in respect to which the plaintiff . . . has pending in any other court any suit. . . against the United States. . . ." The Federal Circuit in Loveladies addressed the meaning of the term "claim" as it is used in §1500. Id. at 1549. The particular issue in Loveladies was whether a claim brought by the plaintiff against the United States in another court that is based on the same operative facts as the case filed in the Court of Federal Claims nonetheless falls outside the jurisdictional bar of 28 U.S.C. §1500 because of the different relief sought in the two actions:

> The issue the Government raises, and which is now properly before us on the facts of this case, is whether §1500 denies jurisdiction to the Court of Federal Claims if, at the time a complaint for money damages is filed, there is a pending action in another court that seeks distinctly different relief.

Id. at 1549.

In Loveladies, the plaintiff unsuccessfully challenged the denial of a fill permit for its land in

[1] On June 16, 2008, the United States filed a Motion to Dismiss in the District Court tribal trust cases of the Yankton Sioux Tribe and seven others, on the grounds inter alia, that they fail to state

federal district court, which was affirmed by the court of appeals. At the same time that this litigation was pending, the plaintiff filed an action in the Court of Federal Claims seeking money damages for a Fifth Amendment taking of the land premised on the denial of the same fill permit. Id. at 1547. In analyzing the jurisdictional issue under 28 U.S.C. §1500, the Court noted in plain terms that the determining factor was the relief sought:

> [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. ***To come within the proscription of §1500, the claims must also seek the same relief.***

Id. at 1551-1552 (emphasis supplied). The Court clearly and succinctly framed the test as follows:

> For the Court of Federal Claims to be precluded from hearing a claim under §1500, the claim pending in another court must arise from ***the same operative facts,*** and must seek ***the same relief***. We know of no case arising from the same operative facts in which §1500 has been held to bar jurisdiction over a claim praying for relief distinctly different from that sought in a pending proceeding.

Id. at 1551 (emphasis original). See also Holloway v. United States, 60 Fed. Cl. 254, 256-57 (2004) (citing Loveladies test under 28 U.S.C. §1500). The Court explained its focus on the nature of the relief sought as arising from the limited jurisdiction and remedial powers of the Court of Federal Claims:

> Viewing claims as related to the nature of the relief sought is unremarkable. And using differing relief as a characteristic for distinguishing claims was especially appropriate here, because the Court of Federal Claims and its predecessors have been courts with limited authority to grant the kinds of general equitable relief the district courts could, even in cases over which they otherwise have had subject-matter jurisdiction. Although the powers of the court of Federal Claims have been increased in recent years, so that in some instances it can grant complete relief in cases over which it has subject matter jurisdiction, the Court of Federal Claims remains a court with limited remedial powers.

---

jurisdictionally valid claims.

Id. at 1550.

Under the Tucker Act, this Court's jurisdiction is limited to claims for money damages. 28 U.S.C. §1491(a). The limited jurisdiction of the District Court in the tribal trust cases filed by Plaintiff and other tribes, in contrast, requires that the Plaintiffs seek relief other than money damages. See Cobell v. Norton, 240 F.3d 1081, 1094 (D.C. Cir. 2001). Plaintiff's case in District Court, along with the other tribal trust cases pending there, are related to Cobell, and seek accounting and equitable relief like the Cobell IIM trust account plaintiffs. The District Court and the D.C. Court of Appeals in Cobell upheld jurisdiction under 28 U.S.C. §1331, 29 U.S.C. §162a and federal common law, holding further that the United States waived sovereign immunity under 5 U.S.C. §702. Cobell v. Bobbitt, 30 F. Supp. 2d 24, 31 (D.D.C. 1998) (finding jurisdiction proper in denying the Government's motion to dismiss); Cobell v. Bobbitt, 52 F.Supp. 2d 11, 20 (D.D.C.. 1999) (finding jurisdiction proper in denying the Government' motion for summary judgment); Cobell, 240 F.3d at 1094 (finding jurisdiction proper). Importantly, under 5 U.S.C. §702, the Plaintiffs could only bring their claims in District Court if they were "seeking relief other than money damages." See 52 F.Supp. 2d at 20 (quoting 5 U.S.C. §702).

There is necessarily, as a result, a complete dichotomy between the jurisdiction of the Court of Federal Claims and the District Court concerning the relief sought. In the Court of Federal Claims, relief is limited to money damages; in the District Court, relief is limited to "other than money damages". In Loveladies, the Federal Circuit held that this distinction was critical:

> It is important to note that the prayer in the Court of Claims complaint contained an express request for damages. Significantly, that request was missing from the complaint in the district court.

27 F.2d at 1553.

The Federal Circuit's decision Loveladies is binding authority on the application of 28 U.S.C. §1500 to claims in which different relief is sought. In Keene Corp v. United States, 508 U.S. 200, 113 S. Ct. 2035 (1993), the Supreme addressed a different issue under §1500.[2] There, the plaintiff sought identical relief in both the District Court and the Court of Claims.[3] 508 U.S. at 204, 113 S. Ct. at 2038. The Court expressly noted that it was not deciding the issue, subsequently addressed in Loveladies, of different relief sought in two pending cases against the United States:

> Because the issue is not presented on the facts of this case, we need not decide whether two actions based on the same operative facts, but seeking completely different relief, would implicate §1500.

508 U.S. at 212 n. 6, 113 S.Ct. at 2035 n. 6. The Federal Circuit in Loveladies quoted this language from Keene, and noted that the issue of different relief under 28 U.S.C. §1500 "is now properly before us on the facts of this case." 27 F.3d at 1548-1549.[4]

---

[2] In Keene, the district court case was dismissed shortly after the case was filed in the Court of Federal Claims, before the issue of jurisdiction under 28 U.S.C. §1500 was ruled upon. The question decided by the Supreme Court was whether the time for determining whether a claim against the United States is pending in another court is that of the filing of the complaint in the Court of Federal Claims or subsequently, at the time of ruling on the Motion to Dismiss under 28 U.S.C. §1500.

[3] In both cases, the plaintiff Keene, an asbestos manufacturer, expressly sought to recover from the United States money the Government had recouped under the Federal Employees' Compensation Act (FECA) from asbestos claimants who had recovered on claims against Keene. 113 S.Ct. at 2038.

[4] In Ak-Chin v. United States, 80 Fed. Cl. 305 (2008), the Court in dicta held that the plaintiffs' tribal trust claims pending in the Court of Federal Claims would be barred under 28 U.S.C. §1500 if the tribe's related District Court case had been filed first. In its analysis of this issue, the Court determined that Loveladies and Keene provided distinct analyses and tests to compare the nature of the relief sought in cases against the United States. Id. at 315-316. This is a misreading of the Federal Circuit in Loveladies, which, as discussed above, states expressly that the issue it addresses was *not* dealt with in Keene. 27 F.3d at 1548-1549; 113 S. Ct. at 2035 n.6. The Court in Ak-Chin, proceeding on the premise that Keene and Loveladies present different tests, framed the issue as whether "the relief plaintiff seeks in both courts contains 'some overlap' or is 'distinctly different,'" thereby rejecting the test expressly set forth in Loveladies - emphasized by the Court in bold and italics - of ***"the same relief"***. Id. at 315-316. In any event, whether the test is framed as the "same relief" "distinctly different," or even "some overlap", the analysis of specific facts and circumstances

In holding that the claim pending in another court "must seek the same relief", the Court in Loveladies considered and analyzed the extant caselaw on the issue, principally Casman v. United States, 135 Ct. Cl. 647 (1956). In Casman, the plaintiff, a terminated government employee, sued in the Court of Claims for back pay while he had a suit pending in district court seeking reinstatement to his position. The Court noted that "the purpose of [§1500] 'was only to require an election between a suit in the Court of Claims and one brought in another court.' " Id. (quoting Matson Navigation Co. v. United States, 284 U.S. 352, 355-356 (1932)), Because the two suits were based upon the separate and exclusive jurisdiction of the respective courts to grant the forms of relief sought (back pay and reinstatement), the Court held that §1500 was inapplicable:

> Here the plaintiff obviously had no right to elect between courts. The claim in this case and the relief sought in the district court are entirely different. The claim of plaintiff for back pay is one that falls exclusively within the jurisdiction of this court, and there is no other court which plaintiff might elect. 28 U.S.C. §1346(d)(2). On the other hand, the Court of Claims is without jurisdiction to restore plaintiff to his position.

Id. See also Johns - Manville Corp v. United States, 855 F.2d 1556 (Fed. Cir 1988), cert. denied, 489 U.S. 1066 (1989) (holding that the "election" supporting jurisdiction under §1500 is that between the relief available in the two courts; where the same relief is available in both courts but the legal theories are different, the claims are nonetheless the same and the Court of Federal Claims action is subject to dismissal). In Loveladies, the Court noted that Casman "held that the two suits alleged different 'claims' - although the two suits involved the same conflict between the same parties, the claims were distinguished by the different form of relief each sought." 27 F.3d at 1550.

---

should not create differing results, particularly in the present case. Here, as discussed below, there is no overlap as to any particularly requested relief in the two cases, the relief sought in the cases is distinctly different, and they are not the same. However the test may be worded, 28 U.S.C. §1500 does not apply to bar jurisdiction in this Court.

Here, first and foremost, the District Court does not have jurisdiction to award money damages, the relief sought in the instant case. As in Casman, there is no election available to Plaintiff in seeking relief in the form of money damages. Conversely, the jurisdiction of this Court "does not include actions in equity." Klamath and Modoc Tribes v. Anderson, 174 Ct. Cl. 483 (1966) (denying jurisdiction in the Court of Claims over the tribe's independent claim to a general accounting).

The Court in Loveladies noted that the "*Casman* rule" has been "consistently applied . . . to distinguish claims" in "this Court and its predecessor". Id. Other cases decided subsequent to Casman concerned claims for identical relief in another court, and thus did not confront the issue of different relief addressed squarely in Loveladies. In Johns - Manville Corp. v. United States, 855 F.2d 1556 (Fed. Cir. 1988), cert. denied, 489 U.S. 1066 (1989), the Federal Circuit upheld a dismissal under §1500, holding that "[c]laims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." Id. at 1567. See also Harbuck v. United States, 378 F.3d 1324, 1329 (Fed. Cir. 2004) (dismissing claim under §1500 where one of the substantive prayers for relief in the district court complaint was identical to a prayer for relief in the Court of Federal Claims, holding that "no more is required to trigger the second bar under §1500"). However, as noted by the Court in Loveladies, "[t]he [Johns - Manville] court distinguished the situation before it, one in which the relief sought from both courts is money but under different legal theories, from one in which 'a different type of relief is sought in the district court (equitable) from that sought in the Court of Claims (money).' " Id. See also Keene, discussed supra note 1.

As set forth below, the relief sought by the Yankton Sioux Tribe in the District Court is distinctly different from the money damages sought in the Court of Federal Claims, consistent with

the limited jurisdiction of the respective courts. The Complaints filed by the Yankton Sioux Tribe in the District Court and the Court of Federal Claims each contain a single prayer for relief, which sets forth the relief sought by the Tribe, as follows:

| **Prayer for Relief in D.C. District Court** | | **Prayer for Relief in Court of Federal Claims** |
|---|---|---|
| WHEREFORE, the Tribe prays:<br><br>1. For a declaration that the Defendants have not provided the Tribe with a full and complete accounting of the Tribe's trust funds as required by law.<br><br>2. For an injunction requiring the Defendants to provide a full and complete accounting of the Tribe's trust funds;<br><br>3. For an award of attorneys' fees and costs as provided by law; and<br><br>4. For such other relief as may be just and equitable. | | WHEREFORE, Plaintiff Yankton Sioux Tribe demands compensatory damages against Defendant, interest, costs, attorneys' fees, and all other and further relief as this Court deems just and proper. |

These prayers for relief make plain the different relief sought in the District Court and the lack of any overlap whatsoever in the specific relief requested.[5] Moreover, the penultimate allegation in the Complaint filed in this Court states as follows: "As a direct and proximate result of the Government's fiduciary breaches, ***Plaintiff has suffered monetary damages."*** (Complaint ¶ 27) (emphasis supplied).

The United States nonetheless contends that the Yankton Sioux Tribe seeks overlapping relief, not through the express language of the Complaints, but rather through its own aggressive

[5] The United States disingenuously seizes upon the "other relief" clause in each of the two Complaints, which cannot fairly be construed to create an overlap by themselves. An "other relief" clause is properly and necessarily constrained by the Court's jurisdiction. It would be absurd and outrageous to deny jurisdiction under §1500 by reading a general "other relief" clause to encompass items of relief outside the Court's jurisdiction.

inferences and characterizations of the relief sought by Plaintiff in the two Courts. The United States first contends that "no matter the label provided by the Plaintiff", the two Complaints both seek an accounting. Similarly, the United States argues that "[b]y implication," the complaint in this case seeks a declaration that the tribe is entitled to an accounting. (Defendant's Motion to Dismiss, pp. 10-11). These arguments are premised on the unavoidable reality that the Plaintiff nowhere in the Complaint filed in this case asks for an accounting or a declaration that it is entitled to an accounting. There is no reason or justifiable basis to read into the Complaint something that is plainly not there.

In Tohono O'Odham Nation v. United States, 79 Fed. Cl. 645 (2007), the Court in a tribal trust case found that "[t]he only apparent difference in the complaints is the focus in the district court on the equitable remedy of a trust accounting and, in this court, on money damages." Id. at 652. The Court held that this difference in "focus" was overcome by the overlap it perceived in "both the accounting and money aspects of the two complaints." Id. at 657. It is respectfully submitted that Tohono O'Odham was wrongly decided, as it loses sight of both the standard and the analysis of Loveladies.[6] For one thing, the relationship between the "accounting and money aspects" in these cases is indistinguishable from the back pay and reinstatement aspects in Casman, established as valid law in Loveladies. The Court in Tohono O'Odham fails to confront the fact that the Court of Federal Claims has exclusive jurisdiction to grant money damages while the district court has exclusive jurisdiction to conduct independently an equitable proceeding. Although an equitable proceeding may lead to a monetary remedy, one should not ignore the statutory jurisdictional scheme, which contemplates actions in different courts. The equitable proceeding and the claim for

[6] The Tohono O'Odham decision is presently on appeal to the Federal Circuit, case no.08-5043.

money damages are dichotomous, and as in Casman and Loveladies, requiring a plaintiff to elect one or the other effectively denies the plaintiff a significant remedy. This idea was expressed by the Court in Loveladies:

> Whatever viability remains in §1500, absent a clear expression of Congressional intent ***we ought not extend the statute to allow the Government to foreclose non-duplicative suits, and to deny remedies the Constitution and statutes otherwise provide.***

27 F.3d at 1556 (emphasis supplied).

Moreover, Tohono O'Odham is distinguishable from the instant case under the relevant pleadings. There, the tribe's prayer for relief in the District Court sought "disgorgement [and] equitable restitution . . . ."[7] 79 Fed. Cl. at 651. The Court's ultimate holding was that "[b]oth actions, in sum, seek a restatement of accounts, restitution, and disgorgement and both will require an accounting. There is plainly substantial overlap in the operative facts as well as the relief requested. That being the case, unfortunately for plaintiff, section 1500 is a bar." Id. at 659. The Plaintiff here, in contrast, does not request disgorgement or restitution in its prayer for relief in the District Court. There is accordingly no basis in the instant case to find a comparable overlap in the type of relief requested in the two cases.[8]

---

[7] The Court in Tohono O'Odham found that, even if the request for money in the form of restitution or disgorgement were outside the district court's jurisdiction, the Court must nonetheless consider this request for relief in the §1500 analysis: "The language of the complaints controls." 79 Fed. Cl. at 656. This finding, however, is squarely at odds with Loveladies, which held that an item in a prayer for relief that is "without legal significance" because of a lack of subject matter jurisdiction does *not* factor into the §1500 analysis. 27 F.3d 1553-1554. In Ak-Chin, the Court makes the same error, relying on the prayer for relief in the District Court complaint for disgorgement and equitable restitution as the basis for finding overlap sufficient to bar the claim under §1500. 80 Fed. Cl. at 321. Accordingly, if the Court were to deem the request for restitution or disgorgement as outside of the District Court's jurisdiction, then it should not factor into the §1500 analysis.

[8] Plaintiff notes that the addition of "restitution" or "disgorgement" to the prayer for relief in district court should not tilt the analysis set forth herein or otherwise trigger the bar of §1500.

**B. THE COMPLAINT FILED BY PLAINTIFF IN DISTRICT COURT DOES NOT ALLEGE THE SAME OPERATIVE FACTS**

The other prong of the test under 28 U.S.C. §1500 set forth in Loveladies requires that the claim pending in another court "must arise from the same operative facts." 27 F.3d at 1551. Although the claims filed by the Yankton Sioux Tribe in this Court and in the District Court both arise from the Government's trust duties to the Tribe and, as might be expected, share background facts, the *operative* facts alleged in these claims are materially and distinctly different:

> The fact that two claims share the same factual background is insufficient to divest this Court of jurisdiction ***when there is a material difference between the operative facts relevant to each claim.***

Cooke v. United States, 77 Fed.Cl. 173, 178 (2007) (emphasis supplied) (holding that claim filed in district court for wrongful retention under the Fair Labor Standards Act does not allege same operative facts as claim filed in Court of Federal Claims under the Equal Pay Act, even though the two claims "share the same factual background"). See also Loveladies, 27 F.3d at 1551 n. 17 ("[i]nsofar as a fact is "operative" - *i.e.*, relevant to a judicially imposed remedy - it is necessarily associated with an underlying legal theory, that is, the cause of action").

The Yankton Sioux Tribe's Complaint filed in this Court makes multiple, material allegations which are not to be found in its District Court Complaint; nor are these allegations otherwise comparable or similar to allegations contained in the District Court Complaint, including the following:[9]

---

[9] The Complaint in this case elsewhere references trust obligations that are not mentioned in the District Court Complaint, including Defendant's breaches of its fiduciary duties to Plaintiff through mismanagement of the Tribe's land and natural resources. This mismanagement includes, among other things, "entering into below-market contracts for the land or its natural resources; failing to collect rent, royalties or other proceeds; and failing in the exercise of prudence and care to exercise opportunities for the productive use of land and its resources." (Complaint ¶ 21). In paragraph 17 of

> 15. The Government has breached its fiduciary and statutory duties owed to the Tribe by mismanaging the Tribe's land, natural resources and the income derived therefrom. In addition, the Government failed to pay the Tribe interest or compound interest for certain liquidated amounts constituting breaches of fiduciary duty including, without limitation, unconscionable consideration awards.
>
> 16. As a result of the Defendant's mismanagement, the Tribe has lost royalties, interest, income, profits and proceeds which would have been earned from the land and its resources, and collected for the benefit of the Tribe, if the Government had sufficiently performed its administration and management duties.
>
> 20. Defendant's fiduciary duties include, among others, the duty to prudently manage and administer the Tribe's natural resources and trust funds.
>
> 21. Defendant breached its fiduciary duties to Plaintiff through mismanagement of the Tribe's land and natural resources. This mismanagement includes, among other things, entering into below-market contracts for the land or its natural resources; failing to collect rent, royalties or other proceeds; and failing in the exercise of prudence and care to exercise opportunities for the productive use of land and its resources.
>
> 22. The Government has also breached its fiduciary duties with regard to the Tribe's trust funds by, among other things, failing or delaying to (i) collect payments due from third parties; (ii) deposit funds into the Tribe's interest bearing trust accounts; (iii) assess and collect penalties for late payment; (iv) prudently invest trust funds in its capacity as trustee; and (v) credit investment income to the trust.
>
> 27. As a direct and proximate result of the Government's fiduciary breaches, Plaintiff has suffered monetary damages.

The facts alleged in those paragraphs are the "operative" facts in that they are "relevant to a judicially imposed remedy", as opposed to background facts. Loveladies, 27 F.3d at 1551 n. 17. If different operative facts are plead in the two cases at issue, then broad generalizations or

---

the Complaint, the Plaintiff references the District Court case and the accounting sought in that action, for the express, limited purpose of asserting that, to the extent the accounting obtained in the District Court action "determines that the Tribe has a monetary claim against the Defendant, the Tribe seeks damages on that claim in this action."

characterizations concerning these facts are not sufficient to defeat jurisdiction under §1500. Williams v. United States, 71 Fed. Cl. 194 (2006). In Williams, the Court denied a motion to dismiss under §1500 in a claim by a former air force sergeant for back pay and other relief, despite the pendency of other claims pertaining to his court-martial and discharge. The Government argued that the plaintiff had "attempted to disguise his complaint" to make it appear that it was based on different facts. Id. at 199-200. The Court held that "[d]espite this protest by the government, the operative facts in each case are demonstrably different, and it is readily apparent that [the plaintiff] has specifically and successfully endeavored to plead different factual elements in each case." Id. at 200. See also Heritage Minerals, Inc. v. United States, 71 Fed. Cl. 710, 715-16 (2006) (denying motion to dismiss under §1500, and holding that the operative facts alleged in the Court of Federal Claims, those "relevant to a judicially imposed remedy", represented "a change" in the facts underlying the district court action, even though they concerned the Government's conduct with respect to the same land).

Further, in examining the operative facts plead, the Court "necessarily consider[s] [the] governmental conduct challenged in each case, rather than theories of law presented." Branch v. United States, 29 Fed. Cl. 606, 608-09 (1993) (citing Johns - Manville, 855 F. 2d at 1562-63). Here, there are material differences in the governmental conduct challenged in the two cases. For example, the Complaint in this case alleges trust mismanagement in the form of the Government's entering into below market contracts for the Tribe's land and its natural resources. (Complaint ¶ 21). If the United States breached its fiduciary duty by leasing land at below market rents, or failing to lease valuable land at all or for significant periods of time, under circumstances demonstrating a conflict of interest, then the only "judicially imposed remedy" that would be appropriate and supported for these operative facts would be money damages; an accounting of the collection,

deposit and investment of income generated by trust land would not address or remedy such a below-market lease or failure to lease. (See D.C. District Court Complaint, ¶¶ 10, 29).[10]

The operative facts plead in this case are therefore not the same as in the District Court, and this case does not seek the same relief. The two suits, in sum, cannot fairly be considered duplicative. The reach and breadth of §1500 should not be stretched as far as the United States seeks to do here, particularly because is would "deny remedies the Constitution and statutes otherwise provide," *i.e.*, money damages. Loveladies, 27 F.3d at 1556.

[10] As another example, the Complaint in this case alleges as an operative fact the failure to pay interest on liquidated amounts for breach of fiduciary duties, which is necessarily remedied only by the payment of money damages. (Complaint ¶ 15).

## III. Conclusion

For the foregoing reasons, Plaintiff Yankton Sioux Tribe respectfully requests that the United States Motion to Dismiss Pursuant to 28 U.S.C. §1500 be denied.

Dated: June 23, 2008

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By: s/ Jeffrey M. Herman
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James D. Gette
james.gette@usdoj.gov

s/ Jeffrey M. Herman .