**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **YANKTON SIOUX TRIBE,** | ) | |
| **Plaintiff,** | ) | **Case No. 05-1291L** |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | **Honorable Lawrence J. Block** |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500**

On May 23, 2008, the United States filed its Motion to Dismiss Pursuant to 28 U.S.C. § 1500 because Plaintiff had a suit pending in another court that relied upon the same operative facts and sought relief that was not substantially different from the relief sought in this case. On June 23, 2008 Plaintiffs filed their Opposition. The United States herein replies.

## I. INTRODUCTION

Section 1500 is intended to protect the government from having to litigate the same issues in two different fora. *See UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992). As such, Plaintiff must demonstrate that there are measurable distinctions in the operative facts or the relief requested, before two suits will be allowed to proceed at the same time. Unfortunately for Plaintiff, it is unable to meet this burden here. Indeed, several judges in this Court have now ruled upon the issue of whether tribal trust cases in the United States District Court and this Court are, necessarily, based upon the same operative facts and seek relief that is not "distinctly different." In addressing this issue, the judges have without exception

found that the operative facts and relief are, in fact, substantially similar in both courts.[1/] As such, the court has without exception held that – barring timing issues,[2/] which may allow both cases to move forward simultaneously – the cases in this Court must be dismissed for lack of jurisdiction.

In the instant case, both actions rely upon facts relevant to the government's administration of its trust obligation to the Plaintiff. Moreover, both cases ultimately seek an accounting of Plaintiff's trust funds and assets, and appropriate monetary relief. Plaintiff cannot overcome this fact by artful pleading that leaves the word "money" out of its district court complaint and instead asks "[f]or such other relief as may be just and equitable." DDCC Request for Relief ¶ 4 (attached to Motion to Dismiss as Ex. 1). The Court has repeatedly held that such an attempted distinction is without merit. While Plaintiff may claim that the equitable relief sought in the District Court – an accounting – is not sought here, this Court will, of necessity, be required to conduct such an accounting in aid of an award of monetary relief. As such, the complaints truly seek the same relief. Moreover, while Plaintiff argues that the district court is prohibited from granting money damages to the Plaintiff, its ability to provide equitable relief, such as declaratory relief adjusting tribal accounts or disgorgement, is not "distinctly different" from the money damages that are within this Court's purview.

---

[1/]*Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645, 656-59 (2007); *Ak-Chin Indian Cmty v. United States*, 80 Fed. Cl. 305, 313-22 (2008); *Eastern Shawnee Tribe of Okla. v. United States*, No. 06-917, slip op. at 5-10 (Fed. Cl. June 23, 2008) (attached hereto as Exhibit 1); *Passamaquoddy Tribe v. United States*, No. 06-942, slip op. at 40-51 (Fed. Cl. June 19, 2008) (attached hereto as Exhibit 2).

[2/]In some cases, motions to dismiss pursuant to Section 1500 must address the issue of the timing of the filing of the two complaints. Plaintiff does not raise timing in the instant case, because the district court case was filed over two years before the complaint filed in this Court.

Similarly, the operative facts substantially overlap in both cases. The facts at issue will be the same with respect to the trust corpus, the alleged trust obligations, the alleged violations of the trust obligations, and the accounting and management of trust assets. This substantial overlap of issues indicates that these cases are both based upon the same operative facts.

At bottom, the Court of Federal Claims has without exception held that tribal trust cases filed in the United States District Court seek the same relief and are based upon the same operative facts as tribal trust cases filed in this court. *See* note 1 *infra*. Plaintiff in this case has raised no basis for this case to be treated any differently from the other cases that have already held that this Court lacks jurisdiction under 28 U.S.C. § 1500. As such, we respectfully submit that the instant case should similarly be dismissed.

## II. ARGUMENT

### A. Plaintiff's District Court and CFC Complaints Do Not Seek Substantially Different Relief

In order to meet its burden[3/] to demonstrate that this Court has jurisdiction to hear its claims, Plaintiff must do more than show that there are some distinctions between the relief it requests in the United States District Court and in this Court. Instead,

> [f]or Section 1500 to apply, the relief requested need not be identical, as long as "there [is] some overlap in the relief requested." In other words, to avoid the application of Section 1500, the relief requested must be "distinctly different."

*Eastern* Shawnee, slip op. at 7 (Ex. 1), citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1552 (Fed. Cir. 1994) (internal citations omitted). Plaintiff has failed to demonstrate any

---

[3/] "[T]he plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper." *Ak-Chin*, 80 Fed. Cl. at 307, citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *see also*, *Eastern Shawnee*, slip op. at 4 (Ex. 1).

meaningful differences between the relief requested in this Court and the District Court.

While Plaintiff attempts to paint the relief requested in this Court as exclusively monetary and the relief requested in the District Court as uniquely equitable, as Judge Bruggink held in *Tohono O'odham*, the nature of the two suits cannot, in fact, be so neatly divided:

> In substance, the action for breach of trust in this court is an equitable proceeding that produces a monetary remedy. Thus while the court has jurisdiction because of the demand for money, the process for getting to that relief is fundamentally equitable, meaning that there is potential overlap of both the accounting and money aspects of the two complaints.

*Tohono O'odham*, 79 Fed. Cl. at 657; *see also*, *Eastern Shawnee*, slip op. at 7-10 (Ex. 1). The Court in *Eastern Shawnee* recognized that the plaintiff-Tribe in that case was attempting to draw the same distinction drawn by the Plaintiff in this case: "[t]he primary difference in the two contemporaneously filed complaints is that the complaint in the district court focuses on equitable relief while in this court plaintiff seeks monetary damages." *Id*. at 3. Despite the attempt by the Eastern Shawnee Tribe to differentiate the two complaints, the Court nonetheless found that the complaints sought, in essence, the same relief and dismissed the complaint filed in the Court of Federal Claims. *Id*. at 7-10.

In the instant case, the same result is warranted. The consideration by both Courts and the relief requested by Plaintiff in both cases are, for all practical purposes, identical. Both Courts will be called upon to consider the government's alleged mismanagement of the Tribe's trust funds and assets, to conduct an accounting to determine if the funds and assets have been properly handled and accounted for, and, ultimately, either award money damages (in this Court) or declare that the tribal accounts be adjusted (in the District Court). Plaintiff simply cannot demonstrate that there is any difference between the requested relief, let alone, that the relief

requested in this Court is "distinctly different."

Plaintiff attempts to avoid the conclusion reached by no less than four judges of this Court by arguing that it is not seeking an accounting in the instant case.[4] Even if Plaintiff's characterization of its CFC Complaint was accurate, which it is not,[5] an accounting in the instant case could not be avoided. Even Plaintiff must admit, that, in order to calculate the damages allegedly due, an accounting of its trust funds and trust assets would be required. The Court recognized this fact in *Eastern Shawnee*:

> [I]n substance the relief sought in the two complaints, an accounting and reimbursement of losses resulting from mismanagement, is overlapping. . . . [If plaintiff] were to establish liability for breaches of trust in this proceeding, <u>an accounting would be required, and that accounting would overlap with the accounting available in equitable proceedings such as the case brought in the district court</u>. . . . In short, once liability has been established, the equitable "relief" of an accounting is a necessary precursor to an award of damages. Moreover, this is not a situation where jurisdiction over an equitable accounting rests with the district courts while this court is barred from undertaking an accounting. Instead, this court has the authority "to require an accounting in aid of its jurisdiction to render a money judgment."

Slip. op. at 8 (internal citations and quotations omitted) (emphasis added).[6] The same is no less

---

[4]"[N]owhere in the Complaint filed in this case [does Plaintiff] ask[] for an accounting or a declaration that it is entitled to an accounting." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Pursuant to 28 U.S.C. § 1500 ("Pl's Opp") at 9.

[5]*See* CFCC ¶ 10 ("The trust obligations of the United States include, among other duties, the duty to . . . provide regular and accurate accountings to the trust beneficiaries. . ."); ¶ 23 ("The Government has failed to provide an accounting . . .").

[6]*See also Tohono O'odham*, 79 Fed. Cl. at 652, 657 (similarly holding that tribal trust complaints in the Court of Federal Claims and the District Court contained overlapping accounting relief). Plaintiff attempts to argue that *Tohono O'odham* was wrongly decided. Pl's Opp. at 9-10. Without explanation, Plaintiff makes no attempt to similarly argue that three other Court of Federal Claims decisions – reaching identical conclusions on the issue of the similarity of relief

true here. Because the relief that might be issued by both this Court and the District Court would entail an accounting and financial relief in the form of a money judgment or an adjustment of account balances, the relief sought is not distinctly different and the instant case should be dismissed.

Plaintiff similarly argues – and attempts to differentiate the *Tohono O'odham* decision[7] – by asserting that it is not seeking "disgorgement" or "equitable restitution" in this case. This attempted distinction between the instant case and *Tohono O'odham*, however, was considered by the Court in *Eastern Shawnee*. Slip op. at 3 (Ex. 1) (indicating that the District Court complaint in that case did not include a request for disgorgement or equitable restitution). The court there first noted that the Eastern Shawnee Tribe had requested "'such other relief as may be just and equitable.'" *Id*. The Court then concluded that "[i]n effect, the equitable relief sought in the district court has no independent, distinguishing significance from the monetary relief sought in this court." *Id.* at 9. The same is true in the instant case.

Finally, Plaintiff suggests that the jurisdictional limitations of the two courts must allow both actions to proceed simultaneously. Pl's Opp at 6. This argument fails, however, because this Court's jurisdiction will, in fact, accommodate the same relief requested by Plaintiff in the

---

requested – were wrongly decided. *Ak-Chin*, 80 Fed. Cl. at 320-22; *Eastern Shawnee*, slip op. at 8 (Ex. 1); *Passamaquoddy Tribe*, slip op. at 49-50 (Ex. 2). In any event, for all of the reasons set forth herein and in Defendant's opening brief, all of these decisions, which reached identical conclusions, are, in fact, correctly decided.

[7]Plaintiff's own brief belies the fact that this attempt at differentiating *Tohono O'odham* from the instant case is both disingenuous and of no moment, when it concludes that even if requests for "restitution" and "disgorgement" were added to its District Court complaint, Section 1500 would still not apply. *See* Pl's Opp at 10, n. 8.

District Court. In the instant case, unlike the cases cited by Plaintiff,[8] because it can conduct an accounting in aid of judgment, this Court has the jurisdiction to award the same relief requested by Plaintiff in the District Court.

**B. Plaintiff's Complaints Are Based Upon the Same Operative Facts**

Plaintiff attempts, to no avail, to distinguish the operative facts in the instant case and those pled in its District Court complaint. The facts that will be material and relevant in both cases will, in fact, be almost identical. Plaintiff identifies six paragraphs from its complaint in this case, which it represents to be "multiple, material allegations which are not to be found in its District Court Complaint." Pl's Opp at 11-12 (quoting CFCC ¶¶ 15, 16, 20, 21, 22, 27). Its brief, however, is completely devoid of any explanation of how even one of these paragraphs is in any way unique from the claims and facts asserted in the District Court. In reality, even a cursory reading of the paragraphs demonstrates that they represent the same claims and operative facts as the District Court case.

For example, several of the paragraphs cited by Plaintiff as "material allegations" not found in the District Court complaint, address the government's alleged mismanagement of the Tribe's natural resources and the income derived from those natural resources. Pl's Opp at 12,

[8] Plaintiff relies predominantly upon *Loveladies Harbor*, as evidence that two cases can proceed simultaneously where the exclusive jurisdiction of the two courts bars the respective relief sought in each court. 27 F.3d 1545. In *Loveladies Harbor*, however, unlike the instant case, the relief sought in each court was in fact unique and could not be entertained by the other court. In the District Court the plaintiff sought to have an administrative decision overturned. In the Court of Federal Claims, the plaintiff sought monetary relief for an alleged taking in violation of the Fifth Amendment as the result of the same administrative decision. As explained below, unlike *Loveladies Harbor*, this Court has the necessary jurisdiction to issue the same accounting relief sought by Plaintiff in the District Court. The same distinction applies to the exclusive and unique forms of relief sought in *Casman v. United States*, which are not present here. 135 Ct. Cl. 647 (1956).

citing CFCC ¶¶ 15, 16, 21. These claims are the same as the claims pled in the District Court complaint. *See* DDCC ¶ 10 ("Defendants assumed control and management over trust property of the Tribe. Defendant Secretary of the Interior has approved leases, easements and grants other interests in trust lands of the Tribe, and both Defendants have assume [sic] responsibility for collection, deposit and investment of the income generated by trust land of the Tribe. These include funds generated by oil and gas bid deposits, bonuses, rents, lease and royalty payments, grazing and agricultural leases, and judgments paid to the Tribe."); DDCC ¶ 12 ("The trust obligations of the United States include, among other duties, the duty to ensure that tribal trust property and trust funds are protected, preserved and managed so as to produce a maximum return to the tribal owner consistent with the trust character of the property.").

Similarly, Plaintiff cites to paragraphs 20 and 22 from the complaint in this case. Both of these paragraphs allege that the government failed to properly account for "trust funds" and manage trust assets by failing to collect payments, failing to post interest, failing to prudently invest trust assets, etc. These are the same claims alleged in the District Court case. *See* DDCC ¶ 12 (quoted above); ¶ 24 ("Defendants owe the Tribe a fiduciary duty and obligations of the highest responsibility and trust to administer the Tribe's trust proper and trust funds with the greatest skill and care possessed by the trustee").

In short, a careful reading of Plaintiff's complaints demonstrates that they allege the same trust duties, the same trust mismanagement, the same time period, the same trust assets, and the same accounting deficiencies. Given the unanimity of the claims in both cases, the operative facts in both cases must be the same. This is exactly what each judge to have considered this issue in the context of tribal trust cases has found:

- ". . . the claims in the case in the district court and the instant action are basically different manifestations of the same underlying claim that the government failed properly to administer and manage [the Tribe's] trust land and assets. The two claims involve the same parties, the same trust corpus, and the same breach of the same trust duties over the same time period. The only apparent factual difference is a narrower focus on the accounting aspects of the alleged breaches of trust duties in the district court complaint." *Eastern Shawnee*, slip op. at 6 (Ex. 1).

- The two complaints clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time." *Tohono O'odham*, 79 Fed. Cl. at 652.

- "The United States will be held accountable for the same breaches of trust in either suit, and the proof of those breaches of trust will be, in all important respects, the same. For this reason, the operative facts underlying each suit are the same." *Passamaquoddy Tribe v. United States*, No. 06-942, slip op. at 48 (Fed. Cl. June 19, 2008) (Ex. 2).

- "It is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint. Therefore, the court finds that plaintiff's Court of Federal Claims complaint and District Court complaint contain the same operative facts for purposes of the § 1500 jurisdictional bar." *Ak-Chin*, 80 Fed. Cl. at 319-20.

As the Supreme Court has said, the text of Section 1500 "make[s] it clear that Congress did not intend the statute to be rendered useless by a narrow concept of identity providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation." *Keene Corp. v. United States*, 508 U.S. 200, 213 (1993). Plaintiff has provided no reason to ignore the Supreme Court's admonition to avoid the application of a "narrow concept of identity." Moreover, Plaintiff has demonstrated no reason why this tribal trust case is

somehow different from all of the other tribal trust cases in which this Court has held that complaints in the District Court and this Court involved the same operative facts. In reality, this case is like all of the tribal trust cases that have preceded it and should be dismissed because it is outside the jurisdiction of this Court.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss this case in full pursuant to 28 U.S.C. § 1500.

Respectfully submitted this 9th day of July, 2008.

RONALD J. TENPAS
Assistant Attorney General

*/s/ James D. Gette*
JAMES D. GETTE
United States Department of Justice
Environment & Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-1461
Fax: (202) 353-2021

Attorney for Defendant

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

OF COUNSEL:
HOLLY H. CLEMENT
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20270